JULIA J. HOLLAND *et al. vs.* CITIZENS' SAVINGS BANK *et als.*

Notice to a bank is not notice to one who is a director of the bank, but acting for himself individually.

BILL IN EQUITY for an account, to compel the transfer of mortgages and for an injunction. On demurrer to the bill.

After the opinion of March 1, 1890, printed in 16 R. I. p. 734, the complainants filed a request to reargue the demurrer.

*July* 5, 1890. PER CURIAM. It happened in some way that the court overlooked the fact that it was Edwin Lowe, instead of Orrin E. Jones, who is alleged in the amended bill to have pur-

chased the homestead estate, and that he is likewise alleged to have been at the time one of the directors in the defendant bank. We do not think, however, that there should be a rehearing on account of the oversight, since we do not think that the allegation that said Lowe was a director is equivalent to an allegation that he knew of the matters alleged as reasons for relief in the amended bill. We know that in point of fact a man may be a director in a bank and yet be ignorant of many matters that occur in its management; and we know of no rule that affects him constructively with notice when he is acting for himself individually, as said Lowe was when he purchased said estate, and not for the bank in his capacity as director. The question of amending the bill so as to charge the notices with greater particularity is a distinct question, not dependent on a rehearing, but to be tried on its own merits on motion to that end. A rehearing is denied.

*John E. Lester, Amasa M. Eaton & Herbert Almy,* for complainants.

*James M. Ripley,* for respondent, The Citizens' Savings Bank.

*Simon S. Lapham, Charles E. Salisbury & Daniel W. Fink,* for the other respondents.